# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2022

Lyle W. Cayce
Clerk

No. 21-30293

Rouses Enterprises, L.L.C.,

*Plaintiff—Appellant*,

*versus*

James B. Clapp II,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2378

---

Before Wiener, Graves, and Duncan, *Circuit Judges*.

Per Curiam:*

Rouses Enterprises, L.L.C. appeals the dismissal of its suit to enforce a non-compete agreement against its former employee James B. Clapp II. Because Clapp was not employed by Rouses when he signed the agreement, it is unenforceable under Louisiana law. We therefore affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30293

## I.

Rouses is a grocery store chain operating in Louisiana, Mississippi, and Alabama. Clapp interviewed with Rouses for a position as Vice President of Center Store Merchandizing in December 2017. After an initial phone interview, Rouses sent Clapp an "Agreement not to Compete Against or Disclose Information of Rouses Enterprises, LLC." The agreement does not refer to Clapp as an applicant or prospective employee, but as "an employee of Rouses." Clapp signed the agreement on December 28, 2017. At that time, Clapp was not an employee of Rouses.

Rouses offered Clapp the position on January 23, 2018. Clapp began his employment on February 12, 2018.

Clapp worked for Rouses until January 2020, when he was asked to resign. In March 2020, Clapp began working for Brookshire Grocery Company, a competitor of Rouses based in Tyler, Texas. On March 18, 2020, Clapp walked the Rouses' store in New Iberia, Louisiana, with other Brookshire employees. His visit did not go unnoticed: two days later, Rouses' HR director emailed Clapp and told him (1) he had been spotted in a Rouses and (2) to "[p]lease refer to the signed non-compete agreement . . . which forbids you to work in a Parish/County we conduct business in."

In July 2020, Rouses sued Clapp for damages and injunctive relief in Louisiana state court. Clapp removed the case to the Eastern District of Louisiana. After holding a bench trial in April 2021, the district court denied Rouses' claims, finding Rouses failed to prove that the non-compete agreement was valid and enforceable under Louisiana law. Rouses appealed.

## II.

"On appeal from a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." *Hobbs v. EVO Inc.*,

7 F.4th 241, 247 (5th Cir. 2021) (citation omitted). "The enforceability of restrictive covenants is reviewed de novo." *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 295 (5th Cir. 2019) (citation omitted).

Because federal jurisdiction in this case is based on diversity, Louisiana law applies. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "To determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citation omitted). Absent a "final decision by the Louisiana Supreme Court, we must make an *Erie* guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case." *Ibid.* (citation omitted).

## III.

Rouses argues the district court erred in finding the non-compete agreement unenforceable and denying its claims for breach of contract and injunctive relief. The question before us is whether Louisiana law allows an employer to enforce a non-compete agreement signed by a prospective employee. The answer is no.

"Restrictive covenants are unfavored in Louisiana and are narrowly and strictly construed." *Brock Servs.*, 936 F.3d at 296 (citing *Arthur J. Gallagher & Co. v. Babcock*, 703 F.3d 284, 288 (5th Cir. 2012)); *see also SWAT 24 Shreveport Bossier, Inc. v. Bond*, 2000-1695, p. 4 (La. 6/29/01); 808 So. 2d 294, 298. The pertinent statute provides that "every contract . . . by which anyone is restrained from exercising a lawful profession . . . except as provided in this Section, shall be null and void." LA. REV. STAT. ANN. § 23:921(A)(1). But "every contract . . . which meets the exceptions as provided in this Section, shall be enforceable." *Ibid.* Under one of those exceptions:

[a]ny person . . . may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer . . . within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

*Id.* § 23:921(C). "A non-compete provision must strictly comply with the requirements of the statute." *Brock Servs.*, 936 F.3d at 296. (citation and internal quotation marks omitted).

"Obligations of parties to a contract are fixed at the time the contract is entered into." *La. Smoked Prods., Inc. v. Savoie's Sausage & Food Prods., Inc.*, 96-1716, 96-1727, p. 8 (La. 7/1/97); 696 So. 2d 1373, 1378 (citation omitted). At the time Clapp signed the non-compete agreement, Rouses was not his employer. The plain text of section 23:921(C) permits non-compete agreements between employees and their "employer." It does not allow for non-compete agreements between job applicants and potential employers. *See Simpson v. Kelly Servs., Inc.*, 339 So. 2d 490, 495 (La. App. 2 Cir. 1976) (statute "applies only to persons in employee-employer relationships and will not be extended to other relationships by judicial construction or interpretation"), *writ denied*, 341 So. 2d 1121 (La. 1977); *cf. Setpoint Integrated Sols., Inc. v. Kitely*, 2022 WL 225093, 21-322, p. 26 (La. App. 3 Cir. 1/26/22); 2022 WL 225093, at *11 (finding non-compete agreement signed after employee's termination invalid because the "strict construction [required by Louisiana law] undermines any finding as to 'employee' status in this case").

In sum, the district court did not err in finding the non-compete agreement was unenforceable.

AFFIRMED.